Mr. Paul R. Gougelman, III Attorney Code Enforcement Board of the City of Longwood Maitland Center, Fourth Floor 1051 Winderley Place Maitland, Florida 32751 Mr. Gerald Korman City Attorney City of Longwood 175 West Warren Avenue Longwood, Florida 32750
Dear Mr. Gougelman and Mr. Korman:
This is in response to your request for an opinion on substantially the following question:
 WHETHER s. 116.111, F.S., FLORIDA'S ANTINEPOTISM LAW, PROHIBITS THE EMPLOYMENT BY THE CITY OF LONGWOOD OF THE SPOUSE OF A MEMBER OF THE CITY'S CODE ENFORCEMENT BOARD AS THE ATTORNEY FOR THE BOARD?
You state in your letter that the City of Longwood has appointed the husband of one of the members of the code enforcement board to act as attorney to the Code Enforcement Board. The wife, serving as a member of the code enforcement board, was appointed by the City Commission of the City of Longwood.
Subsection (2)(a) of s. 116.111, F.S., Florida's Antinepotism Law, provides:
 A public official may not appoint, employ, promote, or advance, or advocate for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control any individual who is a relative of the public official. An individual may not be appointed, employed, promoted, or advanced in or to a position in an agency if such appointment, employment, promotion, or advancement has been advocated by a public official, serving in or exercising jurisdiction or control over the agency, who is a relative of the individual.
An agency is defined in s. 116.111(1)(a), F.S., to include a municipality. Further, the relationship of husband is set forth in subsection (1)(c) of the statute as one of those classes of relationship to which the antinepotism law is applicable. It is therefore clear that a wife who is a member of the Code Enforcement Board would be precluded by the antinepotism law from appointing, employing, promoting, or advancing, or advocating, for appointment, employment, promotion, or advancement, her husband to serve as attorney for the Code Enforcement Board if the wife is a public official who has such authority. "Public official" is defined in pertinent part in subsection (1)(b) of s. 116.111 to mean an officer or employee "of an agency in whom is vested the authority by law, rule, or regulation, or to whom the authority has been delegated, to appoint, employ, promote, or advance individuals or to recommend individuals for appointment, employment, promotion, or advancement in connection with employment in an agency[.] "
In your letter, however, you state that neither the wife nor the husband have any power to hire, promote, or dismiss any employees or appointees of the City of Longwood. Further, as a voting member of the Code Enforcement Board, the wife has no power of appointment or dismissal over her husband as legal counsel to the Code Enforcement Board. The wife is appointed for a fixed term by the City Commission, and her husband's service to the Board is at the pleasure of the City Commission of the City of Longwood. Chapter 162, F.S., entitled the "Local Government Code Enforcement Boards Act," corroborates this information. See, AGO 85-68. Section 162.05(1), F.S., in relevant part, provides: "The local governing body may appoint a seven-member code enforcement board and legal counsel for the enforcement board." No other provision of Ch. 162, F.S., would appear to give members of the Code Enforcement Board employment power over the Board Attorney. Since the wife does not have the authority to appoint, employ, promote, or advance her husband as attorney for the board, it would appear that the prohibitions of s. 116.111, F.S., would not be violated by the employment of the husband of a member of the code enforcement board as attorney for the board. In AGO 71-258, it was stated that s. 116.111, F.S., "applies only to those officials who have the power to appoint (or to promote, or to recommend for appointment or promotion) persons to public office or employment." See, AGO 73-397, wherein this office concluded that where a police lieutenant did not possess the power to appoint or employ, a city could employ the daughter of a police lieutenant as a police officer even though the policewoman would be at times under the supervision of her father. And see, AGO 74-255 in which it was stated: "The antinepotism statute was clearly not intended to prevent relatives from working together in public employment. The statute simply prohibits one who has the authority to employ, appoint, promote, advance, or recommend same from using that authority with respect to his or her own relatives." Therefore, since the wife is not vested with the authority nor, according to your letter, delegated the authority, to appoint, employ, promote, or advance her husband as attorney for the code enforcement board nor to recommend her husband for such appointment, employment, promotion, or advancement, the city commission is not prohibited by s. 116.111, F.S., from appointing or employing the husband as attorney for the board.
You also question whether there would be any conflict of interest or Sunshine Law violations relating to such employment. Questions concerning any possible conflict of interest under Part III of Ch.112, F.S., the Code of Ethics for Public Officers and Employees, must be submitted to the Commission on Ethics, the public agency vested with the authority to render advisory opinions establishing the standard of public duty under the law. See, s. 112.322, F.S.
Moreover, it would not appear that the Sunshine Law, s. 286.011, F.S., would be violated by an appointment as described in your inquiry. Florida's Government-in-the-Sunshine Law operates to make all meetings between two or more members of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision except as otherwise provided in the Constitution, public meetings open to the public; discussions between a single member of the code enforcement board and the attorney for the board would not constitute violations of the Sunshine Law per se. Compare, Neu v. Miami Herald Publishing Co., 462 So.2d 821
(Fla. 1985) (Sunshine Law applies to meetings between city council and city attorney held for purposes of discussing settlement of pending litigation to which city was party); Blackford v. School Board of Orange County, 375 So.2d 578 (5 D.C.A.Fla., 1979) (scheduled successive meetings between the school superintendent and individual members of the school board were subject to the Sunshine Law where such meetings were held to avoid public airing of a controversial redistricting problem and the members individually visited the office of the superintendent in "rapid-fire succession"). Thus, absent special factual circumstances, the employment of the husband of a member of a municipal code enforcement board as the attorney for the board would not in and of itself constitute a violation of the Sunshine Law.
In conclusion, I am therefore of the opinion that Florida's Antinepotism Statute, s. 116.111, F.S., does not preclude the city commission from employing the husband of a member of the Code Enforcement Board as the attorney for the board, nor would such employment, in and of itself, violate the Government-in-the-Sunshine Law.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General